Jack A. Quinlan, Counsel Unified School District No. 450 Scott, Quinlan Hecht 3301 Van Buren Topeka, Kansas 66611-2225
Dear Mr. Quinlan:
As legal counsel for Unified School District No. 450 (USD 450), you request our opinion regarding whether an interlocal cooperation agreement may include a provision whereby a member of the board of directors of the cooperative agrees to waive the right to vote on any issues coming before the board.
According to the information provided, at least three of the unified school districts located in Shawnee County are considering formation of an interlocal cooperative pursuant to K.S.A. 12-2901 et seq. and 72-8230. The purpose of the Cooperative would be "to provide educational services in the area of special education, vocational education, career education, media services, curriculum development, in-service training for staff, and any other area authorized by law." One of the school districts considering formation of the Cooperative is Unified School District No. 372 (USD 372). USD 372 has a much smaller student enrollment than the other districts which are potential members of the Cooperative. While all participating districts would retain representation on the Board of Directors and contribute to the funding of the Cooperative, USD 372 believes it will benefit by waiving its right to vote on matters which come before the Board of Directors of the Cooperative.
Pursuant to K.S.A. 12-2901 et seq., unified school districts are authorized to enter into agreements regarding cooperation in providing services and utilizing facilities.
"(c) Any such agreement shall specify the following:
. . . .
 "(2) The precise organization, composition and nature of any separate legal or administrative entity created thereby together with the powers delegated thereto, provided such legal entity may be legally created." K.S.A. 12-2904.
K.S.A. 72-8230 authorizes "the boards of education of any two or more school districts [to] enter into a school district interlocal cooperation agreement for the purpose of jointly and cooperatively performing any of the services, duties, functions, activities, obligations or responsibilities which are authorized or required by law to be performed by school districts of this state. . . ." Any such cooperation agreement is subject to the limitations set forth in K.S.A. 72-8230. Among the limitations are the following:
 "(1) A school district interlocal cooperation agreement shall establish a board of directors which shall be responsible for administering the joint or cooperative undertaking. The agreement shall specify the organization and composition of and manner of appointment to the board of directors. . . .
 "(2) A school district interlocal cooperation agreement may provide for the establishment and composition of an executive board. The members of the executive board, if established, shall be selected by the board of directors from its membership. The executive board shall exercise the powers, have the responsibilities, and perform the duties and functions of the board of directors to the extent authority to do so is delegated by the board of directors." K.S.A. 72-8230.
It is presumed the Legislature understood the meaning of the words it used and intended to use them in their ordinary and common meaning. Aves v. Shah, 258 Kan. 506,512 (1995). Words in common usage should be given their natural and ordinary meaning. In the Matter of Appealof the Boeing Company, 261 Kan. 508, 515 (1997). The authority to "specify the organization" of the board of directors ordinarily implies the authority to put the board in working order for the normal exercise of its appropriate functions. See Black's Law Dictionary 991 (1979). Establishing the voting authority of the members of the board is necessary for placing the board in working order. Therefore, unified school districts entering into an interlocal cooperation agreement have the authority to designate the voting authority of the representatives of the participating school districts. State statutes do not require that unified school districts entering into an interlocal cooperation agreement pursuant to K.S.A. 12-2901 et seq. and 72-8230 have equal voting authority on the board of directors organized pursuant to the agreement. An interlocal cooperation agreement entered into under such authority may provide that a representative of a unified school district will possess no authority to vote on matters brought before the Board of Directors of the Cooperative.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm